UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-3788-GW (SP) | Date | May 7, 2012 |
|---|---|---|---|
| Title | FREDERICK TELLEZ v. _____, Warden | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | |
|---|---|---|
| Kimberly I. Carter | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| n/a | n/a |

**Proceedings:** **(In Chambers) Order to Show Cause Why Petition Should Not Be Dismissed for Failure to Name Respondent**

On May 2, 2012, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254. The petition fails to name a respondent.

A habeas petition filed pursuant to 28 U.S.C. § 2254 by a petitioner who is currently in custody under a state court judgment must name as respondent the state officer who has custody of the petitioner. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35, 124 S. Ct. 2711, 159 L. Ed. 2d 513 (2004); 28 U.S.C. § 2242; Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."). Thus, "[t]he default rule is that the proper respondent is the warden of the facility where the prisoner is being held . . . ." *Rumsfeld*, 542 U.S. at 435; *accord Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994) (*as amended* May 18, 1994) (the proper respondent to the habeas petition is "typically . . . the warden of the facility in which the petitioner is incarcerated"). The Ninth Circuit has held that the "[f]ailure to name the correct respondent destroys personal jurisdiction." *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (*as amended* May 8, 1996); *see also Stanley*, 21 F.3d at 360.

Although it appears that petitioner is currently incarcerated at Calipatria State Prison, he does not name the warden of that institution – or anyone else – as the respondent.

Accordingly, the court hereby issues an **ORDER TO SHOW CAUSE** why the petition should not be dismissed for failure to name a proper respondent. Petitioner is **ordered** to file with the court a written response to the Order to Show Cause on or before **May 28, 2012.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-3788-GW (SP) | Date | May 7, 2012 |
|---|---|---|---|
| Title | FREDERICK TELLEZ v. _____, Warden | | |

    In his response to the Order to Show Cause, petitioner may set forth any reasons he wishes to argue against the dismissal of the action.  Alternatively, petitioner may file a response in which he identifies the name of the proper respondent and requests the court to deem the petition amended to name the person he identifies as the respondent.  Fed. R. Civ. P. 15.  Whichever option petitioner selects, petitioner must file and serve the responding document *no later than May 28, 2012*.

    **The court warns petitioner that failure to timely file and serve a response as directed in this Order will result in a recommendation that this action be dismissed without prejudice for failure to name a proper respondent, for failure to prosecute, and/or for failure to obey court orders.**